UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

DONNELL WILLIAMS,

          Plaintiff,                    Case No. 1:19-cv-863

v.                                       Honorable Robert J. Jonker

UNKNOWN STEVENSON et al.,

          Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Fleisher and Dine.

## Discussion

**I.    Factual Allegations**

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Macomb Correctional Facility (MRF) in New Haven, Macomb County, Michigan.

The events about which he complains, however, occurred at the Carson City Correctional Facility (DRF) in Carson City, Montcalm County, Michigan. Plaintiff sues Prison Counselors Unknown Stevenson and Unknown Fleisher, Corrections Officer Unknown Sanchez, and Mailroom Administrative Officer Unknown Dine.

This case was dismissed by the Court for failure to state a claim under 28 U.S.C. §§ 1915(e) and 1915A, and 42 U.S.C. § 1997e(c), on January 17, 2020 (ECF No. 11). Plaintiff appealed the dismissal (ECF No. 13), and the United States Court of Appeals for the Sixth Circuit reversed the judgment of this Court and remanded the case for further proceedings (ECF No. 19). In the order remanding this case, the Sixth Circuit stated that Plaintiff's retaliation claims against Defendants Stevenson and Sanchez were improperly dismissed. The Sixth Circuit stated that, because the cell shakedown conducted by Defendant Sanchez at the behest of Defendant Stevenson was "in retaliation for Williams filing a grievance against Sanchez," it constituted an adverse action for purposes of a retaliation claim. (ECF No. 19, PageID.121.) The Sixth Circuit also stated that this Court failed to address whether the claim involving the handling of Plaintiff's legal mail stated a retaliation claim, and it directed the Court to consider that issue on remand. *Id.* at PageID.123.

In the opinion dated January 17, 2020, the Court summarized the facts in Plaintiff's complaint:

> Plaintiff alleges that on August 8, 2019, he told corrections officers numerous times that he needed to send out legal mail. Corrections officers did not call a Resident Unit Manager or Prison Counselor to help Plaintiff send out his legal mail. On August 9, 2019, Plaintiff again asked corrections officers to call a Resident Unit Manager or Prison Counselor numerous times so that he could send out his legal mail. Plaintiff states that the officers failed to respond to his requests. Plaintiff's sister called the prison to complain about Plaintiff's inability to send out legal mail, but a prison employee hung up on her.
>
> On August 12, 2019, Plaintiff filed a step I grievance regarding his inability to send out his legal mail. At approximately 12:50 p.m., Defendant Stevenson

2

called Plaintiff out for legal mail rounds. Plaintiff gave Defendant Stevenson one envelope of legal mail and another to send to a family member. Defendant Stevenson told Plaintiff that he was going to have Defendant Sanchez shake down Plaintiff's cell in retaliation for filing a grievance on him and his co-workers. Shortly thereafter, Defendant Sanchez shook down Plaintiff's cell and told Plaintiff that it was in retaliation for Plaintiff's grievance.

On August 13, 2019, Plaintiff gave Defendant Fleisher an envelope and disbursement form in order to send mail to a family member. Plaintiff states that he wanted his family member to call the prison and complain about the refusal to process Plaintiff's grievances. Plaintiff's mail was returned to him on August 15, 2019, after it had been opened and read by staff. On August 16, 2019, Plaintiff filed a step I grievance on Defendants Stevenson, Fleisher, and Dine, for refusing to process his indigent mail. On August 19, 2019, Plaintiff filed a staff corruption grievance on MDOC Director Heidi Washington, Warden Randy Rewerts, Deputy Warden J. Schiebner, and Assistant Deputy Warden B. Pung for refusing to discipline their employees. The Inspector's office failed to process the grievance.

(ECF No. 9, PageID.56-8.)

Plaintiff claims that Defendants violated his rights under the First Amendment and is seeking damages and equitable relief. For the reasons stated by the Sixth Circuit in the order of remand, the Court will serve Plaintiff's retaliation claims against Defendants Sanchez and Stevenson. Plaintiff's assertion that the handling of his mail was retaliatory is addressed below.

## II.     Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

3

reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### III. Retaliation claims regarding handling of Plaintiff's mail

Plaintiff's claim that Defendants retaliated against him by refusing to process his legal mail lacks merit. As noted previously by the Court in its earlier opinion, retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that:  (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the

4

protected conduct. *Id.* Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

As stated above, Plaintiff's complaint asserts that prison officials refused to process his legal mail on August 8 and 9 of 2019. Plaintiff states that he filed a grievance regarding his inability to send out his legal mail on August 12, 2019, after the allegedly retaliatory refusal to process his legal mail. Plaintiff fails to allege any facts showing that any unnamed officer's refusal to process his legal mail on August 8 and 9, 2019, was in response to the filing of a grievance, or in retaliation for any unspecified protected conduct. Therefore, Plaintiff's retaliation claims concerning interference with legal mail prior to August 12, 2019, are properly dismissed for lack of merit.

Plaintiff's claim that his outgoing mail to family was improperly opened and returned to him also lacks merit. Plaintiff asserts that he gave Defendant Fleisher one sealed envelope and a disbursement form on August 13, 2019, in an attempt to send mail to a family member. Plaintiff states that he had a five-dollar postage loan at the time and had only used two indigent stamps worth of the loan. (ECF No. 1, PageID.4.)

Plaintiff appears to be claiming that the opening of his letter and the subsequent return of his mail must have been retaliatory because he still had money left on his postage loan. The Court notes that in circumstances where there is a significant potential for systemic abuse by prisoners, such as where a prisoner is being loaned money, they are required to submit mail unsealed. In the vast majority of cases, the MDOC requires prisoners to pay for the cost of postage. MDOC Policy Directive 05.03.118 at ¶ N. The MDOC loans indigent prisoners the equivalent of

postage necessary for mailing 10 first class letters per month.  Once a prisoner has used this postage, he may qualify for a postage loan if the mail he is seeking to send qualifies under the policy.  In order to determine if this is the case, the inmate is required to submit the mail unsealed. *Id.* at ¶¶ J-M, O.  Legitimate reasons to qualify for a postage loan include mail to a court, an attorney, or a party to a lawsuit due to pending litigation.  *Id.* at ¶ K.  Prisoners may also receive a postage loan if they lack sufficient funds to mail a grievance or a Class II or Class III Misconduct Appeal to another facility, or to mail a Step III grievance or Request for Rehearing to Central Office.  *Id.* at ¶ L.  Plaintiff's mail to family did not qualify under this policy.  Plaintiff fails to allege any facts showing that the opening and return of his mail was improper, much less that it was retaliatory.  Therefore, Plaintiff's claim that his outgoing mail was improperly opened and returned to him on August 15, 2019, fails to state a First Amendment retaliation claim.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants Fleisher and Dine will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).  Plaintiff's retaliation claims against Defendants Sanchez and Stevenson remain in the case.

An order consistent with this opinion will be entered.


Dated:   November 16, 2020           /s/ Robert J. Jonker
                                                    ROBERT J. JONKER
                                                    CHIEF UNITED STATES DISTRICT JUDGE